THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UFCW LOCAL 1546 WELFARE FUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1008 |
| JEMM WHOLESALE MEAT COMPANY, ) | Judge Manning |
| INC., an Illinois Corporation, ) | Magistrate Judge Cox |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant Jemm Wholesale Meat Company, Inc., by its attorneys, hereby answers Plaintiff's Complaint.

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

   **ANSWER:** Admitted.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec 1132(e)(1) and (e)(2)], which states in relevant part:

   > Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

   **ANSWER:** Admitted.

3. The UFCW LOCAL 1546 HEALTH & WELFARE FUND ("Fund") has been established pursuant to collective bargaining agreements heretofore entered into between the UFCW Local 1546 ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

   **ANSWER:** Admitted.

4. The Fund office is located at 1649 West Adams Sheet, Chicago, Illinois 60612, and the Fund is administered in the Northern District of Illinois,

**ANSWER:** Admitted.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:** Admitted.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 4649 West Armitage A venue, Chicago, IL 60629.

**ANSWER:** Admitted.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

**ANSWER:** Admitted.

8. Plaintiff is advised and believes that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Fund pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:** Defendant admits that it has not made timely contributions several times.

Defendant denies the remaining allegations of Paragraph 8.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiff may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Plaintiff, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:** Defendant admits that it and the Funds have discussed resolution of all outstanding controversies, and, to date, it has not paid all amounts requested by Plaintiff. Defendant denies the remaining allegations of Paragraph 10.

11. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:** Denied.

12. Defendant is delinquent to the Fund for the period October 1, 2007, through January 31, 2008, in the amount of $141,440.00.

**ANSWER:** Denied.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiff, therefore, seeks enforcement of these provisions pursuant to Section 502(g)(2), (a)(3) and 515 of the Employee Income Security Act of 1947 ("ERISA"), 29 U.S.C. Sec. 1132(g)(2), (a)(3), and 1145.

**ANSWER:** Defendant admits that Plaintiff seeks enforcement under the referenced statutes, and that any failure to pay in a timely fashion is a violation of the Collective Bargaining Agreement and the Trust Agreement. Defendant denies the remaining allegations of Paragraph 13.

14. That from January 1, 2007, through January 31, 2008, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

**ANSWER:** Defendant admits that it has employed individuals represented by the Union during the referenced time period and, in the future will continue to employ such individuals. Defendant denies that it has not remitted contributions for the entire time period referenced.

15. Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2007, through January 31, 2008.

**ANSWER:** Defendant admits that under the collective bargaining agreement, Plaintiffs are entitled to an audit. Defendants deny that they have refused to consent to an audit, or that they have in any way have refused to provide Plaintiff information requested.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice and it be awarded its costs and other relief the Court deems fit.

Dated: April 10, 2008                    PRECISE BUILDING CORP.
                                         Defendant


                                         By:   /s/ Robert H. Brown
                                                Robert H. Brown

Robert H. Brown (00319120)
rbrown@lanermuchin.com
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## CERTIFICATE OF SERVICE

I certify that on April 10, 2008, I caused to be served, via the Court's electronic filing system, the foregoing Answer to the Complaint on all parties of record:

                         Robert B. Greenberg
                         Asher, Gittler, Greenfield, & D'Alba, Ltd.
                         200 West Jackson Boulevard, Suite 1900
                         Chicago, IL  60606

                                         /s/ Robert H. Brown
                                          Robert H. Brown